1  MARK B. MIZRAHI (BAR NO. 179384)
   mark.mizrahi@ffslaw.com
2  ARASH BERAL (BAR NO. 245219)
   arash.beral@ffslaw.com
3  FREEMAN, FREEMAN & SMILEY, LLP
   1888 Century Park East, Suite 1500
4  Los Angeles, California 90067
   Telephone:  (310) 255-6100
5  Facsimile:  (310) 255-6200

6  Attorneys for Plaintiff
   A&A GLOBAL IMPORTS, INC.

7

8            UNITED STATES DISTRICT COURT

9    CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

11 A&A GLOBAL IMPORTS, INC.,          Case No.  8:20-cv-00583

12          Plaintiff,               **COMPLAINT FOR:**

13      vs.                          **1. DIRECT PATENT INFRINGEMENT**

14 ROVE, LLC, a California limited    **2. INDUCED PATENT INFRINGEMENT**
   liability company; and DOES 1 through
15 20, inclusive,                     **3. FEDERAL TRADE DRESS INFRINGEMENT**

16          Defendants.              **4. COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

17                                   **5. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**
18
19                                   **6. UNJUST ENRICHMENT**
20
21                                   **7. STATUTORY UNFAIR COMPETITION**
22
23                                   **8. COMMON LAW UNFAIR COMPETITION**
24
25                                   **Jury Trial Demanded**
26
27
28

4464059.2

COMPLAINT

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1    For its Complaint, Plaintiff A&A Global Imports, Inc. alleges as follows:

2    <u>**NATURE OF THE CASE**</u>

3    1.    This is an action against Defendants for patent infringement under 35

4    U.S.C. § 271, trade dress infringement under 15 U.S.C. § 1125(a), violation of

5    California statutory law under California Business & Professions Code § 17200,

6    *et seq.*, and violation of the common law.

7    <u>**JURISDICTION AND VENUE**</u>

8    2.    This Court has subject matter jurisdiction over this action under the

9    Patent Act, 35 U.S.C. § 1 *et seq.*, the Lanham Act, 15 U.S.C. § 1121(a), and 28

10   U.S.C. § 1331 and § 1338(a).    This Court has supplemental jurisdiction over

11   Plaintiff's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a).

12   3.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and

13   § 1400.

14   4.    The Court has personal jurisdiction over defendant Rove, LLC because

15   its principal place of business is in Costa Mesa, California and, on information and

16   belief, it has sold the alleged infringing goods in this Judicial District, including in

17   the Western Division of this District, and otherwise knowingly directed its

18   infringing activities to California, including Los Angeles, where Plaintiff resides.

19   <u>**THE PARTIES**</u>

20   5.    Plaintiff A&A Global Imports, Inc. ("Plaintiff" or "A&A") is a

21   California corporation with its principal place of business in Vernon, California.

22   6.    Defendant Rove, LLC ("Rove") is a California limited liability

23   company.    On information and belief, its principal place of business is in Costa

24   Mesa, California.    On information and belief, Rove distributes its products,

25   including the Infringing Bags (as defined below) to stores in California and Nevada,

26   including multiple stores in Los Angeles County and Orange County.

27   7.    The true names and capacities of the defendants sued herein as Does 1

28   through 20 are unknown to Plaintiff, who therefore sues said defendants by such

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  fictitious names.  Plaintiff will amend this Complaint to allege their true names and
2  capacities when the same are ascertained.

3      8.    Rove and the Doe Defendants are referred to herein collectively as
4  "Defendants."

5      9.    Upon information and belief, at all relevant times mentioned in this
6  Complaint, Rove and the Doe Defendants, and each of them, were acting in concert
7  and active participation with each other in committing the wrongful acts alleged
8  herein, and were the agents of each other and were acting within the scope and
9  authority of that agency and with the knowledge, consent, and permission of one
10  another.

11  ### ALLEGATIONS COMMON TO ALL COUNTS
12  Plaintiff and Its Protected Intellectual Property Rights

13      10.   Plaintiff is a plastic packaging manufacturer.  It manufactures, sells,
14  and distributes packaging materials, such as prescription bottles, vials, and exit bags.
15  Plaintiff's customer base includes pharmacies and cannabis dispensaries to which
16  Plaintiff (and its assignees or licensees) distributes high-quality prescription vials
17  and child-proof exit bags which are manufactured to comport with the laws of the
18  jurisdiction in which Plaintiff's customers (the pharmacies and cannabis
19  dispensaries) do business.  Plaintiff does not now nor has it ever manufactured, sold,
20  or distributed a cannabis or marijuana product listed as a Schedule 1 drug under the
21  Drug Enforcement Administration's Drug Schedules.

22      11.   Plaintiff owns Patent No. US D766,076 S (the "'076 Patent") issued by
23  the United States Patent and Trademark Office.  The '076 Patent grants Plaintiff the
24  right to exclude others from importing, making, using, offering to sell or selling a
25  plastic bag package bearing the design claimed in the '076 Patent.  A true and
26  correct copy of the '076 Patent is attached hereto as Exhibit "A" and incorporated
27  by reference herein.

28      12.   In addition to design patent rights, Plaintiff owns trade dress rights in

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

the design of its exit bags sold under the trademark PINCH N SLIDE (the "Pinch N Slide Bags"). Plaintiff has marketed and sold, directly and through its licensees, more than 5,600,000 units of Pinch N Slide Bags bearing its distinctive aesthetic design elements for more than four years to more than 1500 stores and dispensaries nationwide. Plaintiff undertakes extensive advertising and promotional activities for these exit bags by, among other things: (1) showcasing the exit bags at numerous annual industry trade shows; (2) promoting the exit bags through numerous yearly email campaigns to Plaintiff's over 78,000 subscribers; (3) promoting the exit bags on Plaintiff's website located at <marijuanapackaging.com>, including by showcasing them in Front Page Banners on the home page of the website; (4) featuring the exit bags in Plaintiff's catalogs published semiannually and sent to approximately 13,000 customer addresses; (5)  showcasing the exit bags on dedicated mailers mailed to nearly every dispensary in the United States, in excess of 7,500; (6) featuring the exit bags in frequent direct business-to-business calls made on behalf of Plaintiff to dispensaries throughout the United States; and (7) promoting the exit bags on numerous social media channels, including, Instagram for which Plaintiff has nearly 5000 followers.

13.    Plaintiff's Pinch N Slide Bags featuring its iconic trade dress, and whose overall look, feel and image—and in particular but without limitation its shapes, features and graphics—serves as a distinctive source identifier to the consuming public. Though not easily reduced to writing, Plaintiff's trade dress in its Pinch N Slide Bags includes the following features: (1) a resealable rectangular bag; (2) a substantially rectangular shaped graphic circumscribing a facsimile of a thumbprint, disposed towards the top of the bag; and (3) re-sealable plastic zipper disposed substantially at the top of the bag. These features, and the resulting overall look and feel of the bags bearing them, are more fully depicted, without limitation, in Exhibit "B" hereto (collectively, together with Exhibit "B," "Plaintiff's Trade Dress"). In many instances, Plaintiff's exit bags bearing Plaintiff's Trade Dress also

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   include various ornamental graphics printed thereon.

2       14.    Indeed, recognizing the validity and protectability of Plaintiff's Trade

3   Dress, numerous third parties have entered into licenses with Plaintiff for the right to

4   produce bags embodying Plaintiff's Trade Dress.

5       15.    Plaintiff's Trade Dress has acquired secondary meaning in the

6   marketplace through, among other things, extensive sales in dollars and volume,

7   extensive advertising and marketing, and creation of an established position in the

8   marketplace.  Plaintiff's Trade Dress is not functional, but rather serves a source

9   identifying function. There is no utility patent for Plaintiff's exit bags.  Plaintiff's

10  advertising does not tout the utilitarian advantages of Plaintiff's Trade Dress.

11  Alternative designs of exit bags are available.  Finally, the Trade Dress is not

12  essential to the use or purpose of the product and does not affect the cost or quality

13  of the product.

14                          <u>Defendants' Unlawful Conduct</u>

15      16.    Plaintiff is informed and believes, and thereupon alleges, that Rove

16  sells and distributes products to cannabis retailers in California and Nevada,

17  including cannabis retailers throughout Los Angeles County and Orange County.

18  Rove maintains the website rovebrand.com.

19      17.    Through the dispensaries, Defendants sells products that are packaged

20  into Defendants' "Pinch Style Exit Bag," an example of which is depicted below:

 

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

4464059.2

5

18.    Upon information and belief, Defendants sell their "Pinch Style Exit Bag" ("Defendants' Exit Bags") to customers in interstate commerce, including California and Nevada and/or packaged products sold to customers in Defendants' Exit Bags in interstate commerce, including California and Nevada.

19.    Defendants' Exit Bags depicted in Exhibit "C" (the "Infringing Bags") infringe upon the claims of '076 Patent and upon Plaintiff's Trade Dress.  It is understood that additional infringing bags may be unearthed as this case progresses and that such infringing bags shall be included within the meaning of Infringing Bags.

20.    On or about February 6, 2020, Plaintiff served a cease and desist letter on Defendants, demanding that they cease the production, sale, or distribution of the Infringing Bags.

21.    As of the date of the filing of this Complaint, Defendants have not responded to Plaintiff's cease and desist letter.

22.    Defendants' continued sale and distribution of the Infringing Bags is evidence of intentional and willful misconduct and a reckless disregard of Plaintiff's intellectual property rights.

23.    None of the Defendants to this action is licensed or otherwise authorized by Plaintiff to market, make, use, import, offer for sale, sell or distribute products bearing or embodying Plaintiff's Trade Dress or the '076 Patent, including the Infringing Bags.

## CLAIM I

### DIRECT PATENT INFRINGEMENT

(Against all Defendants)

24.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

25.    Defendants have willfully infringed on the '076 Patent in connection with their distribution of their Infringing Bags.  Defendants have used, caused to be

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  produced, distributed, advertised, marketed, offered for sale, sold within the United

2  States, and/or have imported into the United States exit bags that infringe the '076

3  Patent.

4      26.    Although Plaintiff has provided Defendants with actual notice of their

5  infringing conduct, Defendants continue to engage in activities that infringe

6  Plaintiff's patent rights.

7      27.    As a direct and proximate result of the Defendants' conduct as

8  described above, Plaintiff has suffered irreparable injury and damages in an amount

9  to be determined at trial.

10     28.    Plaintiff is entitled to injunctive relief prohibiting Defendants from

11  infringing the '076 Patent and to recover damages adequate to compensate for the

12  infringement, including Defendants' profits under 35 U.S.C. §§284 and 289.  The

13  Court should also increase the damages award due Plaintiff up to three times the

14  amount found or assessed, because Defendants' infringement is willful and

15  deliberate.  Plaintiff is also entitled to a complete accounting of all revenue and

16  profits derived by Defendants' from the unlawful conduct alleged herein.

17  Additionally, the conduct alleged herein qualifies this action as an exceptional case

18  supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

19                          **CLAIM II**

20                **INDUCED PATENT INFRINGEMENT**

21                   (Against all Defendants)

22     29.    Plaintiff incorporates by reference the allegations in the preceding

23  paragraphs as if fully set forth herein.

24     30.    Upon information and belief, Defendants have induced others to make,

25  use, sell, and offer for sale in the United States, including Nevada and California,

26  the Infringing Bags.  Such third parties include other cannabis retailers, customers,

27  and distributors who use, sell, offer for sale, or distribute the Infringing Bags.

28     31.    Upon information and belief, Defendants knew of the '076 Patent as

4464059.2

7

described above, and knew that third parties' actions constitute infringement of the '076 Patent.  Despite this, Defendants induced, or were willfully blind to the possibility that its acts would induce, these third parties to infringe the '076 Patent by providing the Infringing Bags to them, and encouraging them to use, sell, offer for sale and distribute the Infringing Bags in their businesses, in contravention of Plaintiff's rights.

32.    Upon information and belief, the actions of Defendants described above have at all times relevant to this action been willful.

33.    Accordingly, the acts of Defendants as described above constitute inducing infringement of the '076 patent in violation of Section 271(b) of Title 35, United States Code.

## CLAIM III

### FEDERAL TRADE DRESS INFRINGEMENT

#### (Against all Defendants)

34.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

35.    Plaintiff's Trade Dress incorporates non-functional ornamental designs that are unique and distinctive and constitute protectable trade dress under the Lanham Act.  Such unique and distinctive trade dress distinguishes Plaintiff's products from those of others.

36.    Plaintiff's Trade Dress serves a source-identifying function because such features are inherently distinctive and have acquired secondary meaning. Indeed, consumers have come to associate the unique and distinctive non-functional ornamental designs embodied in Plaintiff's Trade Dress with a single source.

37.    The Infringing Bags incorporate designs that are virtually identical copies of Plaintiff's Trade Dress in terms of shape, style, size and placement of ornamental features, i.e., the substantially rectangular shaped graphic circumscribing a facsimile of a thumbprint, disposed towards the top of the bag.  As such,

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

Defendants' sale of these products is likely to cause confusion, or to cause mistake, or to deceive consumers as to whether an affiliation, connection, or association exists between Defendants and Plaintiff, or as to the origin, sponsorship, or approval of Defendants' plastic bag products or commercial activities by Plaintiff.

38. Defendants' use and further threatened uses of Plaintiff's Trade Dress thus constitutes trade dress infringement, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

39. Although Plaintiff has provided Defendants with actual notice of their infringing conduct, Defendants continue to engage in activities that infringe Plaintiff's Trade Dress.

40. As a direct and proximate result of Defendants' infringing conduct, Plaintiff has suffered damages.

41. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

42. Plaintiff is entitled to injunctive relief prohibiting Defendants from engaging in unfair competition and to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 15 U.S.C. § 1117 and three times Plaintiff's actual damages. Additionally, the conduct alleged herein qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

## CLAIM IV

## COMMON LAW TRADEMARK INFRINGEMENT AND

## UNFAIR COMPETITION

(Against all Defendants)

43. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

44. Defendants have violated Plaintiff's exclusive common law rights in Plaintiff's Trade Dress.

45.    Plaintiff has continuously used Plaintiff's Trade Dress to identify its goods in California and elsewhere, and to distinguish the goods from goods of a different origin.    As such, Plaintiff has common law rights to Plaintiff's Trade Dress.

46.    Defendants' acts described above constitute trade dress infringement and unfair competition under the common laws of the United States, including California.

47.    As a direct and proximate result, Plaintiff has suffered injury and harm and will continue to suffer such harm, including money damages, the amount of which Plaintiff will prove at trial.

48.    Plaintiff has no adequate remedy at law.    Thus said activities of Defendants have caused, if not enjoined, will continue to cause irreparable harm and damage to the rights of Plaintiff in its trademarks and trade dress and to its business reputation and good will.

49.    Upon information and belief, Defendants have engaged in the unlawful conduct alleged herein intentionally, maliciously, fraudulently and oppressively entitling Plaintiff to punitive damages in an amount to be determined at trial.

## CLAIM V

### INTENTIONAL INTERFERENCE WITH

### PROSPECTIVE ECONOMIC RELATIONS

(Against all Defendants)

50.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

51.    Defendants' actions have disrupted or are intended to disrupt Plaintiff's business by, among other things, diverting consumers away from Plaintiff by making misrepresentations regarding the quality and standards of Defendants' Exit Bags.  Plaintiff is informed and believes and thereupon alleges that the Defendants' wrongful conduct has disrupted and will continue to disrupt Plaintiff's prospective

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

client relationships.

52.    As a direct and proximate result of the foregoing conduct by the Defendants, Plaintiff has suffered irreparable injury and damages in an amount to be determined at trial.

53.    The conduct of the Defendants alleged herein was either malicious, in that it was carried on with the intent to cause injury to Plaintiff, or despicable, in that it was carried on with a conscious disregard for the rights of Plaintiff.  In either case, Plaintiff is entitled to an award of exemplary damages against the Defendants, and each of them, in an amount to be determined by the Court.

## CLAIM VI

### UNJUST ENRICHMENT

(Against all Defendants)

54.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

55.    As alleged herein, the Defendants have profited by reason of their acts of intellectual property infringement, unfair competition, and other unlawful, tortious acts as alleged herein.

56.    Under the circumstances, it would be inequitable for the Defendants to retain the benefits of their ill-gotten gains.  Plaintiff is therefore entitled to full restitution and/or disgorgement by the Defendants of all revenues, earnings, profits or other economic benefits earned at Plaintiff's detriment and expense.  Otherwise, the Defendants would be unjustly enriched.

## CLAIM VII

### STATUTORY UNFAIR COMPETITION

(Against all Defendants)

57.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

58.    California Business and Professions Code Section 17200, *et seq.*,

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

4464059.2

COMPLAINT

proscribes any act amounting to unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

59.    In advertising, marketing, promoting, offering for sale, selling, distributing, and making false and misleading assertions of fact regarding Defendants' Exit Bags, Defendants' acts described above constitute unfair competition in violation of California Business and Professions Code Section 17200, *et seq*.

60.    As a direct and proximate result of the Defendants' conduct as described above, Plaintiff has suffered irreparable harm insofar as the Defendants' conduct has damaged the business, reputation, goodwill, and integrity of Plaintiff and its goods and services.

61.    While Plaintiff has suffered damages and continues to suffer damages as a result of Defendants' conduct, monetary damages alone will not afford Plaintiff adequate relief.    As such, Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it has suffered and will continue to suffer if Defendants' conduct is allowed to continue.

62.    Plaintiff is informed and believes and thereupon alleges that unless enjoined by this Court, Defendants, and any person or entity complicit or participating with them, and each of them, will continue to engage in unfair competition and unlawful conduct.    Therefore, Plaintiff seeks injunctive relief as further described herein.

## CLAIM VIII

### COMMON LAW UNFAIR COMPETITION

(Against all Defendants)

63.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

64.    This claim arises under the common law of the State of California

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

relating to unfair competition.

65.     Defendants' Infringing Bags incorporate matter constituting reproductions, copies and colorable imitations of Plaintiff's Trade Dress. Defendants' unauthorized use of Plaintiff's Trade Dress constitutes unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the parties' products and to cause purchasers to believe Defendants' products are authentic products of Plaintiffs when in fact they are not.

66.     Upon information and belief, Defendants have intentionally appropriated Plaintiff's Trade Dress with the intent of causing confusion, mistake, and deception as to the source of their goods and with the intent of palming off their goods as those of Plaintiffs and to place others in the position to palm off their goods as those of Plaintiff. Defendants have thus committed unfair competition under the common law of the State of California.

67.     By their actions in infringing Plaintiff's Trade Dress, Defendants are improperly trading upon the reputation and good will of Plaintiff and are impairing Plaintiff's valuable rights in Plaintiff's Trade Dress.

68.     Upon information and belief, said activities of Defendants alleged herein were and are willful and intentional acts of unfair competition.

69.     Plaintiff has no adequate remedy at law. Thus said activities of Defendants have caused, if not enjoined, will continue to cause irreparable harm and damage to the rights of Plaintiff in Plaintiff's Trade Dress and to its business reputation and good will.

70.     Upon information and belief, Defendants have engaged in their unlawful conduct alleged herein intentionally, maliciously, fraudulently and oppressively entitling Plaintiff to punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all defendants, and each of them, as follows:

1. For damages in an amount to be proven at trial;

2. For restitution;

3. For punitive and exemplary damages;

4. For treble damages;

5. For an award of Defendants' profits;

6. For a temporary restraining order, and preliminary and permanent injunctive relief:

(A) restraining and enjoining all Defendants, and anyone acting in concert with or participating with them from engaging in, committing or performing, either directly or indirectly the following acts:

1) Infringing on Plaintiff's patent and trade dress rights;

2) Promoting, importing, marketing, advertising, offering for sale, selling, or distributing any of the Infringing Bags, or similar products, or otherwise causing any third party to promote, import, market, advertise, offer for sale, sell, or distribute any of the Infringing Bags, or similar products;

3) Using any false designation of origin, or representing or suggesting directly or by implication that Defendants, or any brands or other source identifiers created by Defendants, or their products, are affiliated with, associated with, authorized by, or otherwise connected to Plaintiff, or that Defendants are authorized by Plaintiff to use Plaintiff's patent or trade dress rights;

4) Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (1) through (3) above, or effecting any assignments or

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (1) through (3) above.

(B) directing and compelling all Defendants, and anyone acting in concert with or participating to:

    1) Deliver up for destruction all packages and receptacles in Defendants' possession, custody or control infringing upon Plaintiff's '076 Patent and its trade dress rights;

    2) File a report with the Court in writing and under oath setting forth in detail the manner and form in which the defendants have complied with any temporary restraining order, preliminary injunction, or permanent injunction.

7.    That Defendants be required to pay Plaintiff such damages as it has sustained as a consequence of Defendants' infringement of the of Plaintiff's Trade Dress and trebling of those damages under 15 U.S.C. § 1117;

8.    Adjudge that each of the Defendants, by its unauthorized use of Plaintiff's Trade Dress for exit bags, and such other acts as it may have undertaken relating to Plaintiff's Trade Dress, have violated Plaintiff's rights under 15 U.S.C. § 1125(a), under California statutory law and common law, and that they have done so willfully and for the purpose of violating Plaintiff's rights and damaging Plaintiff's goodwill and reputation in Plaintiff's Trade Dress;

9.    Direct Defendants to pay the costs of corrective advertising;

10.    An adjudication that this is an "exceptional case" and, accordingly,

    i.    That the damages awarded Plaintiff be increased three (3) times pursuant to 35 U.S.C. § 284, and

    ii.    That Plaintiff be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 289.

11.    For an award of attorneys' fees, costs and expenses;

12.    For prejudgment and post-judgment interest as allowed by law;

13.    For costs of suit incurred herein; and

14.    For such other and further relief that the Court deems just and proper.


DATED: March 24, 2020            FREEMAN, FREEMAN & SMILEY, LLP


By:    _____/ s / Arash Beral_____
        MARK B. MIZRAHI
        ARASH BERAL
        Attorneys for Plaintiff
        A&A GLOBAL IMPORTS, INC.

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff demands trial to a jury on all issues so triable.

3

4   DATED: March 24, 2020             FREEMAN, FREEMAN & SMILEY, LLP

5

6                                     By: _____/ s / Arash Beral_____

7                                          MARK B. MIZRAHI

8                                          ARASH BERAL
                                           Attorneys for Plaintiff
9                                          A&A GLOBAL IMPORTS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

4464059.2

17

COMPLAINT

# EXHIBIT A



US00D766076S

## (12) United States Design Patent
Yuan

(10) Patent No.: **US D766,076 S**

(45) Date of Patent: ** **Sep. 13, 2016**

(54) PLASTIC BAG PACKAGE

(71) Applicant: **A&A GLOBAL IMPORTS, INC.**, Commerce, CA (US)

(72) Inventor: **Ricky Yuan**, Alhambra, CA (US)

(73) Assignee: **A&A Global Imports, Inc.**, Commerce, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: 29/515,454

(22) Filed: **Jan. 23, 2015**

(51) LOC (10) Cl. ............................................. 09-03

(52) U.S. Cl.
     USPC .................................................. D9/415

(58) Field of Classification Search
     USPC ........ D9/414-419, 499, 707, 709, 704, 705;
     D6/300; 206/5.1; 383/65, 63
     CPC .......... B65D 33/2558; B65D 75/5855; B65D
     33/2508; B65D 33/255
     See application file for complete search history.

(56) References Cited

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,586,319 A | 5/1986 | Ausnit | |
| 5,383,942 A | 1/1995 | Siegel | |
| 6,178,602 B1 | 1/2001 | Burke | |
| D546,705 S * | 7/2007 | Suzuki | D9/415 |
| 8,061,897 B2 * | 11/2011 | Ichikawa | B65D 75/5855 |
| | | | 206/5.1 |
| D655,204 S * | 3/2012 | Abell | D9/702 |
| D692,317 S * | 10/2013 | Bowen | D9/707 |
| 8,540,716 B2 | 10/2013 | Smith | |
| 8,578,572 B2 | 11/2013 | Ackerman | |
| 8,689,526 B2 | 4/2014 | Rabiea | |
| 8,727,620 B2 | 5/2014 | Dais | |

| | | | |
|---|---|---|---|
| D723,384 S * | 3/2015 | Musalier | D9/705 |
| D723,935 S * | 3/2015 | Short | D9/704 |
| D724,955 S * | 3/2015 | Parchin | D9/709 |
| D742,247 S * | 11/2015 | Burggren | D9/709 |
| D746,603 S * | 1/2016 | Gale | D6/300 |
| D747,218 S * | 1/2016 | Burggren | D9/707 |
| D749,427 S * | 2/2016 | Sorbatti | D9/707 |
| 2003/0138171 A1 | 7/2003 | Kikuchi | |
| 2011/0044566 A1 * | 2/2011 | Pawloski | B65D 33/2558 |
| | | | 383/63 |
| 2011/0044566 A1 | 2/2011 | Fish | |
| 2011/0268373 A1 * | 11/2011 | Polland | B65D 33/2508 |
| | | | 383/65 |
| 2011/0311169 A1 * | 12/2011 | Smith | B65D 33/255 |
| | | | 383/63 |
| 2013/0195385 A1 | 8/2013 | Matias | |
| 2014/0155240 A1 | 6/2014 | Steele | |

* cited by examiner

*Primary Examiner* — Holly Baynham
*Assistant Examiner* — Rhea Shields
(74) *Attorney, Agent, or Firm* — Roland Tong

(57) **CLAIM**

The ornamental design for a plastic bag package, as shown and described.

### DESCRIPTION

FIG. 1 is perspective view of the plastic bag package.
FIG. 2 is front view of the plastic bag package.
FIG. 3 is rear view of the plastic bag package.
FIG. 4 is left side view of the plastic bag package.
FIG. 5 is right side view of the plastic bag package.
FIG. 6 is top plan view of the plastic bag package; and,
FIG. 7 is bottom plan view of the plastic bag package.
In the drawings, the broken lines are for the purpose of illustrating environment only and form no part of the claimed design.

**1 Claim, 5 Drawing Sheets**



**EXHIBIT A - 19**



FIG. 1



FIG. 2



FIG. 3



FIG. 4                    FIG. 5

**U.S. Patent**    Sep. 13, 2016    Sheet 5 of 5    US D766,076 S



FIG. 6

FIG. 7

# EXHIBIT B







# EXHIBIT C





EXHIBIT C - 26